IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SYLVIA E. BEVERLIN,

    Plaintiff,

v.                               Civil Action No. 5:15CV15
                                      (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING
CIVIL ACTION TO COMMISSIONER**

I. Procedural History

The plaintiff, Sylvia E. Beverlin, filed an application for Disability Insurance Benefits under Title II of the Social Security Act. In the application, the plaintiff alleged disability since December 8, 2008 due to degenerative disc disease, inflammatory arthritis with Reynauld's syndrome, type-two diabetes mellitus, and obesity.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but

instead found that the plaintiff had a Residual Functional Capacity to perform light-level work.  Further, the ALJ found that the plaintiff was able to perform her past relevant work.  Thus, the plaintiff's benefits were again denied.  The plaintiff then timely filed an appeal of the decision to the Appeals Council.  The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court.  The case was referred to United States Magistrate Judge Michael John Aloi for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B).  Both parties filed motions for summary judgment.  After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff' motion for summary judgment be granted, and that this action be remanded to the Commissioner for further action.  Upon submitting his report, Magistrate Judge Aloi informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within 14 days after being served with a copy of the report.  The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation.  Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

The plaintiff argues that the ALJ erred by not affording sufficient weight to her treating physicians' opinions, and by finding that she did not meet two medical listings. Magistrate Judge Aloi concluded that the ALJ erred in not considering the opinion of Dr. Cherry Lobaton, M.D., one of the plaintiff's treating physicians. He also concluded that substantial evidence supported the ALJ's decision to give little weight to the opinion of Dr. Michael M. Rezaian, M.D., another of the plaintiff's treating physicians, and the ALJ's conclusion that the plaintiff did not meet the criteria for impairment listings 14.09 and 1.04 located in 20 C.F.R. § 404, Subpt. P, app'x 1.

First, Magistrate Judge Aloi concluded that substantial evidence supported the ALJ's decision to afford little weight to Dr. Rezaian's opinion. The magistrate judge properly noted that a treating physician's opinion is typically entitled to great weight

3

unless persuasive evidence rebuts it. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Although Dr. Rezaian used acceptable medical techniques, his opinion was inconsistent with his own treatment notes and the consulting physicians' opinions. Thus, the magistrate judge properly concluded that the ALJ provided sufficient reasoning, supported by substantial evidence, for affording Dr. Rezaian's opinion little weight.

Second, the magistrate judge concluded that the ALJ erred in failing to consider Dr. Lobaton's opinion. An ALJ must "evaluate every medical opinion" received. 20 CFR § 404.1527(c). The ALJ failed to even mention Dr. Lobaton's opinion, let alone consider what weight it should be afforded. Magistrate Judge Aloi also correctly noted that Dr. Lobaton's opinion regarding the plaintiff's ability to work would not be entitled to controlling weight. However, Dr. Lobaton's treatment notes and medical opinions were still relevant, and the ALJ's failure to even address them was erroneous. Thus, the magistrate judge correctly concluded that this Court is unable to determine whether the ALJ's decision was supported by substantial evidence because the ALJ failed to address relevant evidence. See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Third, the magistrate judge concluded that substantial evidence supported the ALJ's conclusion that the plaintiff did not meet the criteria set out in impairment listing 14.09. Dr.

4

Rezaian's opinion provided that the plaintiff was able to carry out daily activities, could ambulate effectively, and could perform gross movements. The plaintiff's own testimony about her daily habits supported these opinions. Therefore, the ALJ's conclusion was supported by substantial evidence.

Fourth, Magistrate Judge Aloi concluded that substantial evidence supported the ALJ's conclusion that the plaintiff did not meet the criteria set out in impairment listing 1.04. None of the physicians' opinions found a limited rang of motion in the plaintiff's spine or motor loss as required in the listing. Therefore, the ALJ's conclusion was supported by substantial evidence.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 14). Accordingly, the plaintiff's motion for summary judgment (ECF No. 9) is GRANTED, and the defendant's motion for summary judgment (ECF No. 11) is DENIED. It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a

5

waiver of appellate rights. Because the parties failed to object, they have waived their right to seek appellate review of this matter. See <u>Arn</u>, 474 U.S. at 148-53.

    IT IS SO ORDERED.

    The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

    IT IS SO ORDERED.

    DATED:    January 8, 2016

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE