IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SYLVIA E. BEVERLIN,

    Plaintiff,

v.                                        Civil Action No. 5:15CV15
                                                          (STAMP)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING AS FRAMED PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES**

I.  Procedural History

This Court previously affirmed and adopted the magistrate judge's report and recommendation and remanded this case to the Social Security Commissioner. Specifically, this Court affirmed the magistrate judge's conclusion that the Administrative Law Judge ("ALJ") failed to address relevant evidence by not considering the opinion of the plaintiff's treating physician. The plaintiff then filed this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking $6,440.63. Pursuant to Local Rule of Civil Procedure 72.01, this Court referred a determination on the plaintiff's motion to United States Magistrate Judge Michael J. Aloi. The magistrate judge entered a report recommending that the plaintiff's motion be granted with certain reductions. Neither party filed objections to the

magistrate judge's report and recommendation. For the following reasons, this Court adopts and affirms the magistrate judge's report and recommendation and grants as framed the plaintiff's motion for attorney's fees.

## II. Applicable Law

As there were no objections filed to the magistrate judge's report and recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

### A. Entitlement to Attorney's Fees

Under the EAJA, a plaintiff in litigation against the United States is entitled to such fees if: (1) the plaintiff is a "prevailing party"; (2) the government's position was not substantially justified; (3) no special circumstances would make the award unjust; and (4) the plaintiff timely filed a petition supported by an itemized statement. Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991); 28 U.S.C. § 2412(d)(1)(A). The defendant does not contest that the plaintiff is a prevailing party, that there are no special circumstances making an award of attorney's fees unjust, or that the plaintiff timely filed her petition.

Rather, the defendant argues that its position was substantially justified.

The government's position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," regardless of whether it is a losing position. Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government's position must be substantially justified in fact and in law. Id. While the government's position is not necessarily unjustified "[m]erely because the [Social Security Commissioner's] original decision has been found to be based on an inadequately developed record," Sigman v. U.S. Dep't of Health and Human Servs., No. 91-2566, 961 F.2d 211 (Table), *1 (4th Cir. May 4, 1992) (unpublished per curiam), administrative agencies must follow the law of the applicable circuit. Hyatt v. Heckler, 807 F.2d 376, 379 (4th Cir. 1986).

Magistrate Judge Aloi concluded that the defendant was not substantially justified in arguing that it was harmless error for the Administrative Law Judge ("ALJ") to fail to consider the weight to give to a medical opinion. The magistrate judge correctly concluded that under the law of the United States Court of Appeals for the Fourth Circuit, an ALJ's complete failure to consider the weight of medical opinions is clear error that is not defensible as harmless error. See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) (noting that courts "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly

3

indicates the weight given to all of the relevant evidence"); 20 C.F.R. § 404.1527(c) (requiring ALJs to evaluate every medical opinion and to consider certain factors in deciding the weight to be given to a medical opinion). Accordingly, this Court finds no error in the magistrate judge's conclusion that the government's position was not substantially justified.

B. <u>Reasonableness of Attorney's Fees</u>

The defendant argues that the plaintiff's requested attorney's fees should be reduced because they are based on a compensation rate above the EAJA's allowed rate and because certain recorded hours are unreasonably high.

The magistrate judge concluded that the plaintiff's requested fees were unreasonable. He concluded that the compensation rate must be reduced to that allowed under the EAJA, that time billed for clerical tasks must be removed, that paralegal time spent on the preparing a treatment summary was excessive and must be reduced to ten hours, and that time billed for preparation of the plaintiff's petition for attorney's fees is excessive and must be reduced to one hour. Thus, the magistrate judge recommends awarding the plaintiff $3,572.50 in attorney's fees. This Court finds no error in the magistrate judge's findings or conclusions.

IV. <u>Conclusion</u>

The magistrate judge's report and recommendation (ECF No. 21) is AFFIRMED and ADOPTED. Accordingly, the plaintiff's motion for

4

an award of attorney's fees (ECF No. 17) is GRANTED AS FRAMED, and the plaintiff is AWARDED $3,572.50 in attorney's fees.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the parties failed to object, they have waived their right to seek appellate review of this matter. See Arn, 474 U.S. at 148-53.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: April 6, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE